ON REHEARING GRANTED
PER CURIAM.
The appellee’s petition for rehearing directed to this court’s opinion filed July 9, 1968, challenges our holding that this taxpayer, which sought review in the circuit court by certiorari (as provided for in § 200.10 Fla.Stat., F.S.A.), of a claimed over valuation of assessment of its tangible personal property, was precluded, by its resort to that legal remedy, from also seeking such relief in an equity type proceeding under § 196.01 Fla.Stat., F.S.A. In this case inadequacy of the legal remedy (cer-tiorari) is not contended or shown, and through invoking the legal remedy the taxpayer implies its adequacy here.
The appellee contends the remedies or methods for challenging the amount of an assessment of tangible personal property as supplied by those two statutes are cumulative, and that the taxpayer may elect to pursue either or both.
The county argues that as to tangible personal property the existence of the remedy for review by certiorari provided by § 200.10 of a denial by the assessor and board of equalization of claimed over valuation, being a legal remedy, precludes resort to equity type relief therefrom under § 196.01.
Certain language in the final paragraph of our opinion filed July 9, 1968, appears to sustain that contention of the county. However, we did not so intend and do not now so hold, and upon reading these two statutes we are inclined to the view that the legal remedy granted by § 200.10 to seek review by certiorari in such circumstances is not exclusive, and does not prohibit such a tangible personal property taxpayer claiming over valuation from seeking relief by an equity type proceeding under § 196.01, if the taxpayer should elect to use the latter remedy rather than the former; but we hold, as held in our opinion of July 9, 1968, that where, as in this case, the taxpayer invokes the legal remedy of certiorari granted by § 200.10 Fla.Stat., F.S.A. for relief against claimed over valuation of tangible personal property assessed for ad valorem taxation, he thereby is precluded from seeking such relief simultaneously or thereafter in an equity type proceeding under § 196.01 Fla. Stat., F.S.A.
Our opinion of July 9, 1968, accordingly is clarified and modified by this opinion *364 on rehearing as and in the respects set out herein.
However, upon viewing the decision in this case as one which passes upon a question of great public interest, we have certified it as such to the Supreme Court of Flordia as provided for in Article V, Section 4(2) of the Florida Constitution, F.S.A., as a means of conferring jurisdiction upon the Supreme Court to review the decision on certiorari.
It is so ordered.